UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANNE GREEN, | Case No. 1:26-cv-01779-CDB (SS) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Doc. 10) |
| Defendant. | **14-DAY DEADLINE** |

Plaintiff Susanne Green ("Plaintiff"), appearing pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits under the Social Security Act. (Doc. 1). Plaintiff did not pay the filing fee and, instead, applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 3).

On March 6, 2026, the Court issued an order noting that Plaintiff's IFP application demonstrates that her income and resources could be above the poverty threshold and the information provided in her IFP application was insufficient for the Court to determine whether Plaintiff is entitled to proceed without prepayment of fees. (Doc. 10 at 1). The Court directed Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)—AO 239 within 21 days of entry of the order. *Id*. at 2. As of the date of this order, Plaintiff has not filed the AO 239 application and the deadline to do so has passed.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for failure to comply with the Court's orders. Plaintiff may comply with this order, in the alternative, by filing the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)—AO 239 by that same date.

**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and failure to obey the Court's orders.**

IT IS SO ORDERED.

Dated:   **March 31, 2026**

_____
UNITED STATES MAGISTRATE JUDGE